OPINION. Black, Judge: The Commissioner in his determination of the deficiencies added to petitioner’s net income for each of the fiscal years before us certain income which he designated “Income with respect to Huth and Reineking contracts.” As a matter of fact the assignment to Louise Mattox of the income and profits from the Reineking contract was not executed by petitioner until February 21, 1940. Only a small amount of the income and profits involved in this proceeding was paid over to Louise Mattox under this latter assignment and it was paid during the fiscal year ending June 30, 1940. Practically all the income involved in this proceeding was paid to Louise Mattox by her husband, the petitioner, under the assignment of the income and profits from the Huth contract, which assignment was executed September 3, 1936. However, the amounts of income involved in each of the taxable years is not in-controversy and petitioner makes no point that there is any fundamental difference between the two contracts or the assignments of income or profits under them. Therefore, in the treatment of the question which we have to decide we' shall not undertake to make any distinction between the income and profits which were paid to Louise Mattox under the two respective assignments which are in evidence. The question which we have to decide is one which has often troubled the Board of Tax Appeals, now the Tax Court of the United States, and likewise has troubled the Federal courts. The Supreme Court of the United States has decided several cases dealing with different phases of the subject. Some of these cases are Blair v. Commissioner, 300 U. S. 5; Helvering v. Eubank, 311 U. S. 122; Helvering v. Horst, 311 U. S. 112; Harrison v. Schaffner, 312 U. S. 579. The above cited Supreme Court cases and other cases dealing with the subject are discussed by the parties in their briefs. It is clear from the facts as found in our findings that the instant case is not on all fours with any of the above cited Supreme Court cases. Petitioner argues that the assignments of income and profits from the Huth and Reineking contracts were similar to the assignments of income from trust property which were present in Blair v. Commissioner, supra, and that that case.is controlling in favor of petitioner. Respondent contends that the commissions or royalties which were payable to Ronald Mattox under the contracts were payable either for personal services which he had rendered, or was yet to render in the performance of the contracts and that the assignments of income and profits from the contracts are controlled by Helvering v. Eubank, supra, and that petitioner is taxable thereon, even though such income and profits were payable to Louise Mattox under the assignments. It seems clear that such income and profits as were payable to Mattox under -the terms of the contracts were not payable to him for any services which he had rendered or was to render under the terms of the contracts. Such fraternity and sorority accounting contracts as were transferred by the Ronald Mattox Co. to Huth and Reineking were the property of the corporation and not of Mattox as an individual. Any future services rendered in the performance of these contracts or other contracts which Huth and Reineking obtained were performed by Huth and Reineking and their organizations and not by Mattox as an individual. Therefore we doubt if Helvering v. Eubank, supra, is applicable under such circumstances. Petitioner strongly argues in his reply brief that the commissions or royalties, or whatever else the payments in question may be called, which were payable to Mattox under the contracts were not payable for any services of petitioner but were payable because of the interest the corporation owned in the contracts which it transferred to Huth and Reineking and for which the commissions or royalties were payable. We are inclined to accept this view of the nature of the payments. But when this view of the payments is accepted is Blair v. Commissioner, supra, controlling as contented by petitioner? We think not. It seems to us that the commissions or royalties which were to be paid by Huth and Reineking under the contracts were payments made for the corporation’s property and business which they took over and that such commissions or royalties, or whatever they may be called, were in reality the income of the corporation, the Ronald Mattox Co. of Indiana. It is true that under the contracts the payments were to be made to Ronald Mattox as an individual and not to the corporation. However, this is doubtless explained by the fact that Ronald Mattox owned substantially all of the stock of the corporation, and he seems to have treated it as his alter ago. Certainly the payments were not made to Mattox because of any patented system of accounting which he owned, because we do not understand that he claims to own any patented system of accounting. So it seems to us that we must regard the payments which were to be made to him under the terms of the contracts of being made because he was substantially the owner of all the stock of the corporation. In view of the matter the payments to be made to Mattox were in the nature of distributions from the corporation, cf. Gold & Stock Telegraph Co., 26 B. T. A. 914; affd., 83 Fed. (2d) 465, and would be taxable to petitioner even though prior to their receipt he had assigned them as a gift to Louise Mattox. This results from the fact that Mattox still remained the owner of his shares in the corporation. See Helvering v. Horst, supra; Florence S. Hyman, 1 T. C. 911, on review by the Second Circuit. During the taxable years Louise Mattox owned in her own right three shares of stock in the corporation. Therefore, under the view we have expressed above as to the amounts which were paid to her in the respective taxable years, 3/100 were properly paid to her as a stockholder of the corporation and are properly taxable to her and not to petitioner. If we are wrong in our theory above expressed that the royalties or commissions, or whatever they may be called, were in reality first the income of the corporation and were only paid to petitioner because he owned substantially all the stock of the corporation, and if the correct theory is that they were in fact royalties or commissions properly payable to petitioner as an individual, nevertheless, we think that under the assignments which are present in the instant case the income in question would be taxable to petitioner. Cf. Estate of J. G. Dodson, 1 T. C. 416, on review by the Fifth Circuit. In reaching our decision we have not overlooked Herbert R. Graf, 45 B. T. A. 386, a case cited and relied upon by petitioner. We think that case is distinguishable on its facts from the instant case. Decision will be entered wnder Rule 50.